This is Corcoran v. The Commissioner of Labor. Mr. Holt? Good morning. My name is Joel Holt. I'm counsel for the appellant, Elizabeth Pichardo, and I would respectfully request four minutes for rebuttal. All right. So help me with this. I am perplexed. You're not challenging the merits of the decision that was made, but you're arguing the due process of the delay. If you win, what's the remedy? Well, I think that that's the beauty of the Richards v. Christian case we cited in the brief from the District Court of the Virgin Islands back in 1973, where the court held that the government employee had been properly discharged, but that the process had taken so long that the government was liable for the lost wages during the interim delay period. And therefore— Even though the discharge was proper? Correct. And in that particular case, Judge Young—I know it's been a long time ago, but I clerked for him when I first came here, but this case even predates me—but he found that the two-year delay by the GESC, which is another government agency, was too long a delay and that that violated the due process, and he awarded back pay for that time period to be paid by the GESC. Now, that case is a little different because there's a government employee and a government agency, and here we have a private employer and a government agency. Well, you said a little different, because all the cases you rely upon involve governmental agencies where the public employee—and that's different than a private employer. Right. I don't think that agape should have to pay this. The delay is not caused by the employer who is not here. But the issue is the property right. I mean, if you've got a public employee and a public employer, the nature of that relationship involves the 14th Amendment. If you've got a private employer and a private employee, how does the 14th Amendment come into play? It becomes involved because our legislature created the wrongful discharge statutes and granted rights to private employees, and those rights then have to have a certain amount of protection under the due process clause. It can't be taken away without violating that. And in this particular case, the Department of Labor—not the employer—violated that by both the excessive delays and the failure to produce a transcript. And under our writ of review statute, which is why I spent so much time on it in the beginning of my brief, under Section 1423 of Title V, the reviewing court—in this case, it would be the Superior Court—could actually award damages, among all of the other reliefs, the word damages is in the statute, against the agency. And the damages would be measured by what? By lost wages? Because the problem is if you measure damages by lost wages, if the discharge was not inappropriate, it's hard to measure the damages by the lost wages because the wages were justifiably taken away, arguably. Well, again, as Judge Young did in the Richards case, he said, I'm going to give you lost wages for the delay period, because had the agency promptly ruled, you wouldn't have been waiting for that time period to see what happened. And so I understand that—how do we measure those damages? What are those damages? And in that particular case, Judge Young held it, I'm going to give you wages for the delayed time period. And we would respectfully submit that that would be an appropriate remedy here. Now, I understand that I can't ask the Third Circuit to award me damages. It'd have to be on remand. It's actually a form of punishment, isn't it? Correct. Well, it's a form of punishment. And under Section 1423, when they say what you can do, they give a variety of remedies. One of them is damages, and that would be damages suffered as a result of the violation of due process. So you'd have to find the  But if the hiring was justifiable under the circumstances presented, she gets back paid because of the delay in telling her, but she's not entitled to her job back. Correct. And of course, one of the problems with saying it was justifiable is we don't have a transcript. So the reviewing court was without a transcript in order to really decide if it was justifiable. What is the delay period? Is it the period that it took the Department of Labor to issue its decision? Is that the extent of the delay? Well, obviously, I'd rather have the whole 41-month period. But certainly, if the court restricted me just to the two-year period from the date of hearing to date of result, that would still be But why should the employer pay a penalty for a delay caused by somebody else? I don't think the employer should. I think So you're saying that the remedy in here is that the agency should pay her because they delayed in a decision? Correct. And that would be permitted by statute in the Virgin Islands under 1422 and 1423. In other words, under 1422, if an agency—and it has a list of things that they can do wrong—if an agency violates the rights of someone before, then the court has a broad panorama of remedies available to it under 1423, one of which is to award damages. And in that particular case, even though in the Richards case it was a public employee, the remedy is the same thing. I mean, we gave a public employee who was found to be promptly discharged two years' wages because of the unreasonable delay. And, you know, you say it's a penalty. To a certain extent, it's saying, you know, government agency, you were excessive in your delays. You violated the due process of this person, and we're going to make you pay for that. And that even ties in a little bit, not only to the delays, but to the transcript problem. Because here's also an agency which is required by its own regulations to produce that transcript. The transcript was never produced. The Superior Court went ahead and addressed the merits of a very hotly contested factual situation without the transcript. And that's the agency— Is there a problem that you actually have waived that issue before the Superior Court? No, that issue was preserved before the Superior Court. How was it preserved? It was preserved—OK, well, first of all, the way it works is you file your writ of review. The court orders the agency to produce the transcript. In this case, they came back and said, we can't transcribe it. So then counsel for Ms. Pichardo moved to remand the case back to get the transcript. And the Superior Court did not do that. It set a briefing schedule instead. So in their petition brief, that was one of the issues that they raised before the Superior Court. Now, when they got to the Supreme Court in their notice of appeal, they listed both issues. But when they filed their brief, they did not raise the transcript issue. But in the Superior Court, they did preserve it. And as a matter of fact, if you read the Superior Court opinion, he notes that they preserved it. He expressly points that out in his opinion. I appreciate that. And giving you that, is it nonetheless waived because it was not in the briefs before the Supreme Court? Well, see, I don't think so. I respectfully say it's not. And here's why. The Supreme Court made a due process argument no matter what because you didn't object under 24VIC Section 70. And therefore, the Supreme Court just said there's no vehicle to allow us to even look at due process. So once you find, no, that's incorrect. 24VIC Section 77B wouldn't allow the Department of Labor to reach this issue. And therefore, we've got to go back to the general writ of review statute, which the Supreme Court rejected. Then you find that they committed error. You remanded. And then they remanded back to the Superior Court where all these issues were preserved. As a matter of fact, you could remand it all the way back to the Superior Court to look at whether or not they should order the government agency to produce a transcript or the parties to stipulate to a transcript under the rules. But we're now 10 years into this. I'm not sure how productive that would be. But I think it was properly preserved in the Superior Court. When the issue went to the Supreme Court, while they didn't mention the transcript, they mentioned the due process. And the Supreme Court didn't find that the due process had or had not been violated. They found that they didn't have jurisdiction to hear it because it hadn't been objected to under 24VIC Section 77C. Is that wrong? Doesn't Section 77B explicitly say that you have to raise the… No, as I argued in my brief, it's not a matter of raising it before the DOL because they don't have jurisdiction to hear it. And as a matter of fact, the government in their brief concedes that the DOL did not have jurisdiction to hear the due process claim. And therefore… You can make sense of this provision. I'm reading from Section 70. I'm sure you're very familiar with it. Which one? 70B. Right. No objection that has not been urged before the Commissioner shall be considered by the court. Correct. But you can't raise a due process argument before the DOL because 77C doesn't give them jurisdiction to hear it. And therefore, what's the purpose of making the objection if they can't hear it? What we're talking about is a delay. Right. You cannot… Well, in the transcript, you couldn't make the objection because you didn't even know about it until you got up on appeal. But on the due process argument, just say you make your objection, they can't do anything about it. They don't have jurisdiction to hear anything. Doesn't that preserve the objection so that you're in conformity with 70C and you can then raise it before the Supreme Court? No, I respectfully submit that I think that the general writ of review statute allows them to look at that abuse. And you don't have to raise a technical objection below which can't be addressed in order to preserve it there. Now… Help me out with that. Doesn't the writ of review explicitly refer to errors of the agency? Well, the writ of review statute, 1422, is very broad. And it allows them to do a panoply of things, including if they exceed their jurisdiction, if they violate a right. I mean, it doesn't limit them just to review. They can actually make no findings on those. Not on factual findings, but on other things. It's a very broad statute. And it's probably designed because our government agencies, you know, are not as set up or established as they could be in other jurisdictions because of the age of our jurisdiction. Therefore, it gives the court kind of the catch-all to do things. I'm trying to think of things that Pichardo could actually have done. Excuse me? I'm trying to think of the various things that Pichardo could have done. I mean, I suggested just at least complain to preserve an objection, but… Well, now, she did complain. Yeah. Let me just finish. It seems like she could have filed a mandamus, which is what I see as most common, to compel a court or agency to take certain action. Yes. But it didn't do that. She could have filed a separate claim in the Superior Court, a parallel claim. That wouldn't have done what she wanted. If she wants reinstatement, she has to go through Section 77C. Okay. So that would not have got her reinstatement. I think that. But she certainly could have filed a mandamus compelling the agency to… Perhaps. She did write a letter, and the letter, of course, is in the record. And in that letter, she complains about the delays. The Supreme Court found that that complaint didn't rise to a constitutional objection, that she didn't cite enough constitutional stuff. But she actually did write a letter, and as a result of her letter, the Department of Labor actually sent a letter to the administrative law judge saying, please return the file, or else we're going to take legal action. And instead of returning the file, he ruled, granting some relief and denying others. But in that particular—and by the way, under the rules and regulations, the Department of Labor had its own remedy. They could have just taken the—they could have just assigned a new ALJ. They didn't have to wait for him to return the file. But they didn't do that either. But I don't know what else Ms. Pichardo could do. I mean, mandamus is a pretty unusual, you know, difficult thing to do. And particularly someone in her situation, I'm not so sure that that could have been pursued. I'm interested in the standard of review because this is the first case that we're looking at on certification from the Virgin Islands Supreme Court. And I'm thinking of the extent to which we should be highly deferential to the Supreme Court or whether we're looking at a plain error and just a fresh look at the case. Because if it's highly deferential, of course, you have a steep hill to climb, I think. I don't think it's highly deferential. Basically, the Supreme Court found they didn't have jurisdiction because it wasn't raised at the DOL level. And I don't think that it could have been raised or should have been raised at the DOL level. Why isn't that entitled to high deference? Because I think that's an error as a matter of law in which you have plain error review on review. And that, by the way— The state Supreme Court makes an arguable error in ruling it in state procedure. The U.S. Supreme Court does not get into that. They don't come in and say, no, you're wrong, Supreme Court of Ohio, about your procedure. This is what the procedure is. The Supreme Court is pretty much taken not just as deferentially but determinatively by the U.S. Supreme Court. If the Supreme Court of the Virgin Islands found that something should have been rejected at this level and the statute doesn't allow it, I would certainly think the Third Circuit could point out that that's a clearly erroneous view of that statute. The statute doesn't allow it. And if the other statute that the Supreme Court rejected would be the proper statute to proceed under. And that would then send it—remand all the way back, not just the Supreme Court, but the Superior Court. Because the Superior Court also held that the general writ of review statute didn't allow the relief that we're seeking here, which is a due process violation. And so I think the Superior Court erred in not just addressing it. The Superior Court said, we note it, this is egregious, but it's beyond our purview. And he didn't rely upon Section 70 of Title 24. He relied strictly upon the writ of review statute. And I think he just misread the statute because the statute allows him to do that. The Supreme Court then said, we don't have to get to the general writ of review statute because you didn't make your objection under Section 70B. But that being said, as I pointed out, 77C, the DOL wouldn't have jurisdiction, which is one of the issues of which CERT was granted in this case. Did the DOL—that's like the last line of the one-paragraph order. Did the DOL even have jurisdiction to hear this? And certainly, I mean, as the transcript is concerned, it wasn't even before the DOL at that time. It didn't happen until it got up into the Superior Court. Thank you. Good morning. My name is Richard Davis. I'm an Assistant Attorney General, and I'm representing the Virgin Islands Department of Labor. At the table with me is Richard Evangelista. Attorney Evangelista is the legal counsel for the Virgin Islands Department of Labor, and I want to first apologize to the Court, to my adversary for my apparent lateness here this morning. I was under the impression that we weren't beginning until 10, and I apologize for any inconvenience that this has caused. What work are we talking about? Let's start with the idea of the objections, the requirement of Section 70 that objections be made before the Commissioner in order to be considered by the courts. While it's true, we have conceded that the Department of Labor doesn't have jurisdiction to decide constitutional questions, it doesn't mean that they can't act on constitutional complaints. I think part of the purpose of that, and what might have happened in this case, is that had these complaints been made, and in a sense, when she wrote a letter to the Commissioner during the delay, she was making a complaint. It gives the Department an opportunity to at least ameliorate something that might be going on that should not be. Again, it protects the record. In this case, Ms. Pichardo was represented by counsel all along. With respect to that, I want to say that the administrative record in this case is particularly strong, which is probably why the Superior Court felt confident that it could review the case without a transcript. Could you explain why there was no transcript? The Superior Court made certain decisions absent the transcript, as if it were looking at a transcript. I don't know that a reviewing court can really determine the basis for the decision. The Supreme Court did have the administrative record in front of it, and it was not a small record, all the paperwork related to this case. Because, in this matter, both sides were represented by counsel, there were final summations of all the arguments that were made by both sides at the hearing, and there was a motion practice that was done in writing with respect to the hearing that was held. Was that all available to the Supreme Court? Yes, that was part of the record that went to the Supreme Court, and I would assume it should have come to you as well, but it may not have. I started to say it was a strong record, and that, I think, is why the Superior Court felt that it could review the case based on that record, and I think that was the right decision. What about the 15 months? Should a litigant have to wait 15 months for a decision as to whether that person can be reinstated to her job or not, irrespective of the reason for the termination or leaving the job? I think 15 months is a long time for people to have to wait, and that's not normal in the course of the operations. Hypothetically speaking, supposing 15 months went by and she got a decision that she was improperly discharged, what . . . I mean, doesn't she have some . . . what's her remedy? Just get your payback? I had a case about three months ago that was also wrongful discharge, that was nine years old, all of the delay having taken place in the court, that was decided the other way, where it was decided . . . and she got to choose if she wanted to be reinstated or not, or if she just wanted to neglect what they determined to be by negotiation a fair amount of lost wages. But that case was nine years old, and all of that delay was attributable to the court, virtually all of that delay was attributable to the court. This is not Philadelphia, this is not even Miami, in terms of the way we get things done here. I said as a state court judge in Philadelphia, you are underestimating where the V.I. stands vis-à-vis the continental United States. This would not be an unusual delay in Philadelphia, nor would the fact of a lost transcript be unusual, it would be commonplace. That's not to suggest that it doesn't give rise to a remedy, but just that the V.I. is not as out of the loop as you might think it is, comparing it to other jurisdictions. In the state courts in Philadelphia, it's tragic, but it happens. It may be that somebody is entitled to relief because it does happen. I just want to talk a little bit about the statutory scheme in the Virgin Islands, because we've been alluding to it all along. It's very carefully set up, if you look at it. Under the Wrongful Discharge Act, people who are employees, whether private or public, are given rights, and they're given two sets of rights, parallel rights, and the right to pursue both of them at the same time. That's the right to the administrative remedy through the Department of Labor, which can get them their job back and can get them some back pay. They're given a court route at any time, at the same time, if they want to pursue penalties and damages and so forth as a result of that. We also have in the Virgin Islands yet another route, particularly where one is asserting constitutional claims, and that's a district court. If their complaint cries of federal action, they can bring a complaint in district court. Theoretically, this case, Pichardo, could have gone at any point in the administrative proceeding to the superior court, and she could have gone to the superior court not under 70. She went under Section 70, and then they added the broader 1423 without even pursuing it. Those are useful things for a litigant to know, but those were not the reasons given by the Virgin Islands Supreme Court for rejecting her claim, were they? They did not talk about the other options that she might have, but they were clear. There are really two claims, right? The due process claim and the lack of a transcript claim? They made both of these claims, put these two together to make a due process claim, allegedly a due process claim. So what was the reason given by the Supreme Court for rejecting the due process claim, that she did not state that claim before the Department of Labor? Right. It was not a part of the record that they had initially at all, and so then they filed a motion for reconsideration, and in the motion for reconsideration, they enclosed a letter which had been written by the petitioner to the Commissioner of Labor. The letter is part of the record, and I still see it as not very cohesive and not very clear, other than the fact that she was not happy that she had not received a decision, and she gave the Commissioner 10 days to make a decision. I guess the letter was not explicit enough. In other words, it did not say my due process rights are being violated by your delay. Would that have been sufficient? She doesn't mention due process. I understand that. But what the, interestingly enough, what 70B says is that they can, but people can raise before this court issues which were not raised before the Commissioner, but they have to show, what's the language, extraordinary circumstances as to why they were not raised initially, and certainly the transcript issue one would think might be an extraordinary circumstance. It could have been, but they didn't argue that. They never tried to make a case that it was an exceptional matter that should be considered. They said that the fact that she had written this letter indicated that a complaint had been made, and the Supreme Court said that it wasn't a sufficient enough complaint to raise the level of her complaining to a constitutional one. Is her transcript required in all situations? At the hearings? Yes. It is, and I think I misstated that in my brief, but there is the regulation cited by my learned adversary that requires it. But he goes ahead and says that that regulation gives the petitioner a right. That regulation is very short, one sentence, and it says that a transcript shall be prepared when a matter is going to court. The purpose of the transcript is to provide an assistance to the court in reviewing the matter. It doesn't provide a right to the employee or the employer to a transcript. When they come and request transcripts, we ask them to pay for them, and we pass them along to the court. But that regulation is specifically for the purpose of assisting the court in its review of the case. The latter statement is helpful. The latter statement, the fact that it's a short one-sentence statement doesn't mean that it doesn't give rise to a process right. I don't believe it arrives to a right to the complainant, to either side, to the employee or the employer. Because it says that it's only done when the matter is taken to court, I think it's clear that it is done for the convenience of the court to enable the court to have a thorough review of the case. And there's no mention of either the employee or the employer or their relationship with the transcript. Isn't the whole purpose of a thorough review to make sure that the parties get a fair hearing? At the court level. At the court level. Yeah, I think the department has no problem with providing the court with whatever it can to provide a fair review. Again, you folks, you hit on it I think very early in the questioning when the appellant was speaking, is that this is not a case where the government is doing anything. All that the Department of Labor does is act as an arbitrator, in a sense, between the employee and the employee. There's no government action here. All the government is doing is deciding whether or not a particular employee was properly fired or not fired. Is there any requirement that a hearing be conducted at any specific time? I mean, can you just let this fall into some crack somewhere? No, in the initial hearing... Do you have to wait for somebody to say something, or is there a schedule? There is a schedule, and this was actually not an initial hearing. This was an appeal. The hearing that we are talking about was an appeal from an initial determination that the department makes within 10 days after the filing of a complaint. And just on the basis of the information that they have at that point, either she's entitled to go back to work, or she's not. What happened with that 10-day period? Well, that was met in this case. They actually did that. But then it got a little slowed down after that. But again, I'd also like to say, with respect to that delay, that no one has alleged that there was no wrongdoing on the part of the department. The cause of the delay was beyond the department's control. How so? Well, it involved an independent contractor, in a sense, who was acting as an administrative law judge. And unfortunately, he became very ill, and he left the island. And the department was unable to get his papers, even. That was why I think they actually had to send the police to his office to eventually recover the files that were involved. But they made every effort to do that. Unfortunately, the attorney who heard the case became, as I say, quite ill. I believe he's since recovered, but his practice was virtually closed down for almost two years. Can you touch at some point on the standard of review of the Supreme Court's decision? Well, as I said in my brief, I think that the congressional jurisdiction, or grant of jurisdiction to the court with respect to these certioraries is very broad. And I think that where a constitutional question is being raised, I would assume that the court has plenary power to review it. I would agree that with respect to procedural issue, and that's all this case is, we're reminded. It's not substantive due process that we're dealing with. This is procedural due process that we're dealing with. And I think that the Supreme Court's opinion is a good one. It's a rational and cogent analysis of the case. I started to say that it fits into the pattern of the scheme, of the scheme to deal with these things, that there are many avenues provided to an employee who loses their job to seek either a return to the job or damages and compensatory monies from it. And the one who chooses, the fact that a petitioner chooses to take the administrative route, it's not to the exclusion of the others. And in this case where the petitioner was advised by counsel through this process, it's kind of surprising that none of the other routes were taken. The claim is a substantive due process claim that was rejected on procedural grounds. Is that fairly accurate? Substantive due process. I was denying my due process rights because you waited and waited and waited. But the Supreme Court rejected it on procedural grounds because you did not assert it early enough. I think it rejected it on jurisdictional grounds. My understanding may be wrong. You may be right. But I think that it's never been a substantive due process claim. If it's rejected on jurisdictional grounds, is our review deferential or is it plenary? Well, I think perhaps there's something in between, like clear error or perhaps something like that. But I do think that given the grant of power which the court has to review the decisions of the Supreme Court, that you have the authority to really act in any manner that you see fit. And I think there should be, I would hope, the same kind of deference shown to the Supreme Court of the Virgin Islands and shown to the Supreme Courts of other states and territories in the country. That sounds like an omnipotent standard of review. It's a good one. It is a good one. I don't know if we can get a majority of our colleagues to do a long one. Oh, I would also say, just for the record, that it seems to me that when the appeal to the Supreme Court did not include the argument with respect to the transcript, that that argument was waived. I don't think it's resuscitated by appearing then in the briefs before the Supreme Court where it was probably improperly placed. And I don't think the Supreme Court dealt with the issue of the transcripts, but dealt primarily with the issue of the delay. Thank you very much. Thank you. I want to try to answer a few questions in my four minutes, but I want to go straight off to the standard review. We cite the case on page 13 of the brief that this court exercises plenary review of whether a court or agency hierarchically below this court had subject matter jurisdiction to hear the claim. And that's the Third Circuit holding government versus Hodge. 359, Fed Third, 312 at 323. And when the Supreme Court found that the court below didn't have jurisdiction to hear that, that gives this court plenary jurisdiction to look at that in my view. By the way, they quoted that statute themselves in their opinion. I want to come back to the statutes for a second. 77B requires these hearings to be in 10 days, not preliminary hearings. It requires these hearings to be in 10 days. This was not 15 months. This was 41 months after the Third Circuit TRO expired. So it was really more than 41. It was 41 months from there. And you can't just go to the Superior Court. If you want your job back, you've got to go to this agency. And this scheme is set up so this agency can quickly decide whether or not you should be reemployed. So if you're going to be reemployed, we don't have two or three or four years between your severance and your reemployment. There's a purpose for that. And while court systems do have delays, this isn't about someone telling the court system they violated due process. This is a statutory scheme that's been set up. It's been set up to be prompt. And, therefore, it's a government agency which, if it doesn't act promptly, violates those due process rights. And, therefore, it is a violation. So I don't think the court analogy works here. Now, in this particular case, the government agrees that 77C of Title 24 doesn't give the DOL any authority to hear the constitutional claims. What I don't hear is anyone looking at Section 1422 of Title 5, which says grounds for writ. And it says the writ of review shall be allowed in all cases where there's no appeal or other plain, speedy, or adequate remedy and where the board, officer, or commission has exceeded its authority or functions to the injury of some substantial right of the plaintiff. So that gives the jurisdiction. And then 1423 specifically talks about the remedies, including restitution to the plaintiff. And, therefore, all we're asking for is the very statutory right that exists in the Virgin Islands that the Superior Court refused to find and which the Supreme Court upheld by saying that there was no jurisdiction. So I don't think that we're really trying to create anything new here. As far as the due process fact— Restitution, you may be absolutely right about that. I don't want to suggest by the question that I think you're wrong. But can you help me work through that? Again, we come back to the lost wages. If the dismissal was appropriate and there was not any wrongful dismissal, it's hard to say that the amount of any restitution would be the amount of wages that she was justifiably denied. Did you understand my concern? I understand your concern, but you know what? I cited Judge Brotman's case in Anchorage Associates. It's in the brief on page 2728. And when he says, As applied to the facts of this case, this Court concludes that the Board's repeated delays in holding a hearing and providing a record for the District Court to review effectively denied petitioners access to the courts, thereby depriving them of a protected property interest. And I think that that's what happened here. Even the Superior Court found that the delays were egregious. It just didn't think it had authority to deal with it. And going back to Judge Young's opinion in Richards v. Christian, even he pointed out that the government agencies take too long. And that's what the due process statute, I mean, right, is there. But there again, though, you have state action. The underlying issue arises from a state action. You have a tax assessment. In this case, the administrative process is set in place to be in 10 days. It takes 41 months. They then don't produce a transcript review. They violate the due process. And yes, the remedy I'm asking for might sound novel, but it's really not because it's in our statute. Section 1423 specifically allows restitution to a plaintiff where a right has been deprived. And in this particular case, I think that that is the appropriate remedy because I agree it's not fair to punish the employer for the delays done by the agency. So I don't think I'm creating anything novel. Now, how are we going to measure these damages? I would say remand it to the Superior Court with instructions to work that out.  Both the Superior Court and Supreme Court erred in not finding that. The statute provides a remedy. The due process, I think, was clearly violated based on the delay and lack of transcripts. And we would ask the Court to remand it down for that finding on damages. Yeah, the prophylactic effect. You're asking the agency to pay an employee wrongfully dismissed or not for the resulting delay. That might get someone's attention and might cut down on the delay.  7756, when a hearing officer is unavailable, they can just appoint a new one. So these hearing officers are lawyers that they hire on private contract, but they're not controlled by them. They can immediately go do something else if there's a delay. So they have that within their control, and those are remedies that they decided not to exercise. Okay, thank you. Again, Counselor Gray. I applaud you, Mr. Holt. I'm sorry, Mr. Sands. Thank you also. Please rise. Mr. Davis, that's right. The Court is adjourned.